UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TROY D. GRIMES (#308854)**                                            **CIVIL ACTION**

**VERSUS**

**CASSANDRA TEMPLE, ET AL.**                                            **NO. 10-0539-JJB-CN**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, June 7, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TROY D. GRIMES (#308854)**                                    **CIVIL ACTION**

**VERSUS**

**CASSANDRA TEMPLE, ET AL.**                                    **NO. 10-0539-JJB-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 15. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt.Col. Cassandra Temple, Lt.Col. Gary McDonald, Col. Bobby Achord, Major Franklin, Major Laborde, Deputy Warden Richard Peabody, Lt. Cindy Vannoy, Susan Byargeon, David James, Ass't. Warden Tim Delany, Linda Ramsey and former Secretary Richard Stalder, alleging that his constitutional rights were violated in May, 2005, when defendant Cassandra Temple charged him with a false and retaliatory disciplinary report and when the remaining defendants thereafter denied him due process in connection with subsequent disciplinary proceedings. When the plaintiff was ultimately successful in having the disciplinary sentence overturned and remanded, the defendants allegedly again retaliated against him through the issuance of a second or amended disciplinary charge in July, 2009, and again denied him due process in connection with his disciplinary proceedings.[1]

---

[1] An attempt by the United States Marshal's Office to serve defendants Gary McDonald and David James has proven unsuccessful because service of process has not been accepted on behalf of these defendants by the Louisiana Department of Public Safety and Corrections. Specifically, a representative of the Department has represented that these defendants are no longer employed by the Department, see rec.doc.no. 9. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the "formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its

---

defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against defendants Gary McDonald and David James be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon these defendants.

face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff asserts that on May 20, 2005, he was charged with a false disciplinary report by defendant Cassandra Temple, allegedly in retaliation for his exercise of the right not to incriminate himself in connection with an ongoing investigation. According to the plaintiff, this disciplinary report was subsequently amended after an investigation, and the plaintiff was ultimately charged with conspiring and/or acting with a female visitor to create a false identity for a third person (purportedly the visitor's non-existing sister). At a disciplinary hearing conducted in connection with this charge on June 17, 2005, chaired by defendant Delaney, the plaintiff's motions to call witnesses and to produce all relevant documentation were denied, and notwithstanding the alleged absence of any evidence to support the charge, the plaintiff was found guilty. As a result, the plaintiff was allegedly sentence to a transfer to extended lockdown and to the loss of 180 days of accrued good-time credits. When the plaintiff appealed this

determination, prison officials failed to timely respond to his appeal, and ultimately, denied the appeal notwithstanding that the plaintiff informed the defendants that documentation had been sent to him and had been received in the LSP mailroom which supported his claim that no identity had been falsified. This documentation, however, was withheld from the plaintiff and instead, defendant Vannoy allegedly allowed defendant Temple to pick up and retain the referenced documentation. The plaintiff further alleges that the above-referenced visitor and visitor's sister thereafter met in person with members of the LSP investigative staff and purportedly established that there had been no falsity. Notwithstanding, the plaintiff's disciplinary appeal was denied. Upon conclusion of the plaintiff's disciplinary appeal proceedings, he sought judicial review in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. As a result of this review in state court, the plaintiff's disciplinary conviction and sentence were allegedly overturned on July 13, 2009, and the plaintiff's case was remanded to the prison for a rehearing in connection with the charge(s). The plaintiff complains, however, that in retaliation for having been successful in state court, defendants Achord and McDonald then submitted an amended disciplinary report, again falsely charging the plaintiff with a rule violation. At a subsequent disciplinary board hearing in connection with this charge, at which the plaintiff's motions to call witnesses and produce documentary evidence were again denied, he was again found guilty and again sentenced to a transfer to extended lockdown and to the loss of 180 days of accrued good-time credits. Notwithstanding the foregoing, after a subsequent rehearing, a subsequent disciplinary appeal, and a second rehearing, all of the referenced charges levied against the plaintiff were dismissed on September 22, 2009.

Based on the foregoing, the Court concludes that the plaintiff's

allegations fail to state a claim of constitutional dimension and that his action must be dismissed.

First, the plaintiff's claim that he was charged with false disciplinary reports and that he was denied procedural and substantive due process in connection with resulting disciplinary proceedings is without constitutional merit. Specifically, the plaintiff complains in this regard that there was no factual basis for the charge(s) and that during his disciplinary proceedings, the defendants failed to honor his motions to call witnesses and to produce evidence, failed to consider additional evidence received in the LSP mailroom and by investigative staff which would have substantiated his claim of innocence, failed to timely address and decide his disciplinary appeals, and ultimately found him guilty notwithstanding that there was no evidence available to support the charge(s). In this regard, however, the law is clear that, without more, mere allegations that an inmate plaintiff has been wrongly reported or punished for conduct which he did not commit or of which he is innocent do not state a claim of the denial of due process. See Collins v. King, 743 F.2d 248 (5th Cir. 1984). Accordingly, the plaintiff's claim in this regard fails to state a claim of constitutional dimension. Further, even if procedural rules were not adhered to during the plaintiff's disciplinary proceedings, as he alleges, the United States Supreme Court has held that prison disciplinary proceedings which do not result in an atypical or significant deprivation to the inmate (evaluated in the context of prison life) do not implicate any constitutionally protected liberty interest. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). While the imposition of punishment which impacts upon the duration of an inmate's confinement, as for example a deprivation of good-time credits, requires a more strenuous examination of the inmate's due process rights, see Madison v.

Parker, 104 F.3d 765 (5th Cir. 1997), it is clear in this case that the sentence imposed against the plaintiff of the loss of 180 days of accrued good-time credits was ultimately overturned. As a result, the disciplinary charge and punishment in this case had no impact in fact upon the length of the plaintiff's confinement and do not support his claim for a violation of due process relative to this punishment. See Harper v. Goodwin, 162 Fed.Appx. 304 (5th Cir. 1006) (holding that no due process protections were owed inasmuch as good-time credits were restored to inmate when his disciplinary sentence was overturned on appeal). And with regard to his mere placement in extended lockdown while his disciplinary proceedings were ongoing, the Supreme Court has held, in Sandin, and numerous courts have thereafter re-affirmed, that the mere placement of an inmate in segregated confinement fails to rise to the level of a constitutional violation. See, e.g., Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995). Accordingly, this Court similarly concludes that the plaintiff's placement in disciplinary confinement after issuance of the May, 2005, disciplinary report, did not result in an atypical and significant deprivation in the context of prison life.[2] Accordingly, the plaintiff's claims relative to the allegedly false disciplinary reports

---

[2] The plaintiff relies on jurisprudence pre-dating Sandin to suggest that his transfer to extended lockdown amounted to a deprivation which required adequate due process protections. However, as noted above, decisions after Sandin have consistently interpreted the Sandin decision to negate such prior jurisprudence. In addition, although the plaintiff makes reference to a purported state statute which requires that due process requirements be adhered to prior to placement of an inmate in extended lockdown, the law is clear that a mere violation of state statutes or regulations does not amount to a constitutional violation. See Woodard v. Andrus, 419 F.3d 348 (5th Cir. 2005) ("[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights."); Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989) (same).

and the denial of due process during subsequent disciplinary proceedings fail to rise to the level of a constitutional violation.[3]

In addition to the foregoing, the plaintiff also asserts that the disciplinary report issued by defendant Temple on May 20, 2005, and amended by defendants Achord and McDonald in July, 2009, was issued and amended in retaliation for the plaintiff's exercise of his constitutional rights. This assertion, however, is entirely conclusory, and the plaintiff provides no factual basis upon which to evaluate this claim. In this regard, the law is clear that the taking of action against an inmate because of the inmate's exercise of his constitutional rights is itself a violation of the inmate's constitutional rights. Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986). However, inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than mere conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

Woods v. Smith, 60 F.3d. 1161 at 1166 (5th Cir. 1995), cert. denied, 516

---

[3] To the extent that the plaintiff complains of the actions of prison officials who failed to adequately investigate his disciplinary appeals, failed to timely respond thereto, and failed to rule in his favor, the Fifth Circuit has stated, in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005), that an inmate plaintiff is not constitutionally entitled to an investigation of his administrative claims or appeals or to a favorable response thereto. Accordingly, the actions of the defendants in allegedly failing to respond appropriately to his disciplinary appeal proceedings fails to state a claim of constitutional dimension.

U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). In the instant case, with regard to defendant Temple, the totality of the plaintiff's assertion relative to this defendant's motivation for the referenced disciplinary report is that the defendant issued same "in retaliation for the exercise of [the plaintiff's] constitutional right to avoid incriminating himself in what Captain Temple say [was] an involvement of a relationship with an ex-employee". This assertion, however, merely states the plaintiff's subjective belief that the referenced disciplinary report was retaliatory in nature and provides no facts whatever from which the Court might evaluate the substance of the plaintiff's belief or the independent justification for the disciplinary report itself. On this showing, the Court must conclude that the plaintiff fails to state a claim upon which relief may be granted as to defendant Temple.

Further, with regard to the plaintiff's allegation that defendants McDonald and Achord acted with retaliatory motive when they amended the referenced disciplinary report in July, 2009, after the plaintiff was successful with his application for judicial review in state court, this claim likewise must fail. Specifically, the plaintiff does not allege that his success in state court resulted in an order directing that all disciplinary charges be dismissed. Rather, the plaintiff asserts that the state court judge "remanded for a rehearing ... consist[ent] with due process". Thus, it appears from the plaintiff's own allegations that the disciplinary proceedings in connection with the original report were still pending, and it was not inconsistent, therefore, for prison officials to amend the report in order to comport with due process as directed by the state court judge. Although prison officials are not allowed to retaliate against an inmate because of the inmate's exercise of his First Amendment right to complain to prison officials about the

alleged wrongful conduct of security officers, Woods v. Smith, supra, the mere fact that defendants McDonald and Achord may have amended the charge, without more, does not compel a conclusion that the amendment was retaliatory in nature, nor does it provide either facts or a chronology of events from which a retaliatory motive may plausibly be inferred. Accordingly, in the absence of any factual allegations providing more than a mere possibility that the amendment of the report by defendants McDonald and Achord was motivated by retaliatory intent, the plaintiff has failed to state a claim for relief upon which relief may be granted in connection with this claim.

Finally, to the extent that the plaintiff seeks to invoke the supplemental jurisdiction of this court with regard to claims arising under state law, district courts are authorized to decline to exercise supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the state law claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, inasmuch as the Court recommends dismissal of the plaintiff's federal claims asserted herein, it is appropriate that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the plaintiff's claims asserted against Gary McDonald and David James be dismissed for failure of the plaintiff to serve these defendants within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's

state law claims and that the Motion to Dismiss of the remaining defendants, rec.doc.no. 15, be granted, dismissing the plaintiff's claims asserted against these defendants, with prejudice, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, June 7, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**